UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA TOLER,

              Plaintiff,

v.                                      Case No. 13-10433

GLOBAL COLLEGE OF NATURAL
MEDICINE, INC., et al.,            HON. TERRENCE G. BERG
                                              HON. DAVID R. GRAND
              Defendants.
_____/

**ORDER GRANTING
PLAINTIFF'S MOTION FOR CONTEMPT AND ORDERING SANCTIONS**

Plaintiff having filed a Motion for Contempt and Sanctions, and the Court having conducted a hearing and given due consideration to the arguments:

THE COURT FINDS THAT:

(1) During a status conference with the Court on July 2, 2013, Defendants agreed to produce on or before July 26, 2013, certain specified documents previously described in correspondence between the parties. On July 3, 2013, a stipulated order was entered requiring Defendants to produce the documents no later than July 26, 2013.

(2) Defendants failed to produce the documents by the July 26, 2013 deadline. (Dkts. 23, 23-1.)

(3) After Defendants failed to produce the documents in accordance with the Court's July 3, 2013 order, Plaintiff's counsel made repeated requests to Defendants' counsel for information regarding production of the documents. Defendants never responded to any of these requests. (Dkts. 23, 23-1.)

(4) Plaintiff then filed a Motion for Contempt and Sanctions on August 15, 2013. Defendants did not respond to Plaintiff's motion, resulting in the Court

issuing an Order to Show Cause on September 5, 2013, which ordered Defendants to show cause by September 12, 2013, why Plaintiff's Motion for Contempt and Sanctions should not be granted, and which further ordered Defendants to explain why they had failed to timely respond to Plaintiff's motion.

(5) Defendants did not respond to the Court's Order to Show Cause of September 5, 2013.

(6) Defendants filed a Suggestion of Bankruptcy on September 12, 2013.

(7) Defense counsel's conduct in failing to comply with the Court's July 3 order, to communicate with Plaintiff's counsel as to the status of the document production, and to respond to the Court's September 5 Order to Show Cause was contemptuous of this Court, causing both Plaintiff and the Court to waste both valuable time and resources in an effort to address such conduct.

(8) Plaintiff's counsel has shown, by the September 20, 2013 declaration of Debra S. Janicki, which was electronically submitted to the Court on September 25, 2013, and Defendants' counsel on September 20, 2013, that Plaintiff incurred $2740 in attorneys' fees for time spent devoted to attempting to address Defendants' failure to comply with this Court's orders. (Dkt. 27.) The Court has reviewed the billing entries submitted by Plaintiff's counsel, and finds that the time spent and fees charged are reasonable.

(9) Defense counsel has offered no defense or justification for his failure to communicate with opposing counsel and his willful violation of two separate court orders, other than he believed the suggestion of bankruptcy acted as a response to the order to show cause. The suggestion of bankruptcy offered no explanation or reference to the substance of the Order to Show Cause nor did it explain Defendants' failure to produce documents.

Further, the Sixth Circuit has discussed the court's authority to impose sanctions for this type of conduct in *Royal Oak Entm't, L.L.C. v. City of Royal Oak*:

2

> 28 U.S.C. § 1927 allows a court to award sanctions against any attorney who multiplies the proceedings in any case unreasonably and vexatiously. The statute specifically provides that in such situations, a court may require an attorney to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. A court may assess fees without finding bad faith, but there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. In short, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings. We construe vexatiously multiplying proceedings to include conduct where an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims. We have also held that § 1927 sanctions are appropriate where an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.

316 F. App'x 482, 487–88 (6th Cir. 2009) (internal quotation marks and citations omitted).

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED. Defendants Global College of Natural Medicine and Heather Johnstone are hereby held to be in contempt of court for violating (1) the Court's July 3, 2013 Stipulated Order Relating to Production of Requested Information and Mediation, and (2) the Court's September 5, 2013 Order to Show Cause, for the reasons explained above and further stated on the record during the September 16, 2013 hearing.

IT IS FURTHER ORDERED that, under 18 U.S.C. § 1927, for his sanctionable conduct, attorney fees in the amount of $2740 shall be paid by attorney for

Defendants, Brian M. Graham, 7634 Lakeside Drive, Frankfort, IL 60423 to the Googasian Firm, P.C., within 30 days of the entry of this Order.

    SO ORDERED.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 30, 2013, using the CM/ECF system, which will send notification to each party.

          By: s/A. Chubb  
              Case Manager