3UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA TOLER,

                    Plaintiff,

        v.                                          Case No. 13-10433

GLOBAL COLLEGE OF NATURAL
MEDICINE, INC., et al.,                             HON. TERRENCE G. BERG
                                                    HON. DAVID R. GRAND

                    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION (DKT. 34) AND
APPOINTING PLAINTIFF'S COUNSEL AS CLASS COUNSEL**

This is a personal injury case in which a former student of a now-closed

online school is suing on the ground that her pre-paid tuition was not refunded.

Plaintiff Anita Toler filed her complaint on behalf of herself and a class of similarly

situated persons on February 2, 2013. (Dkt. 1.) Plaintiff alleges that Defendants

Global College of Natural Medicine, Inc. ("GCNM"), and Heather Johnstone

collected millions of dollars in advance tuition from students despite being aware of

their precarious financial and regulatory situation and did not refund students'

tuition payments after abruptly closing in November 2012. (*Id.*) On May 22, 2013,

Plaintiff requested and was granted a Clerk's entry of default against Defendants,

who have not moved to set these default entries aside. (Dkts. 16-17.) Plaintiff has

not moved for a default judgment.

Before the Court is Plaintiff's motion for class certification and to appoint Plaintiff's counsel as class counsel. (Dkt. 34.)  Plaintiff seeks to certify a class defined as:

> All individuals who entrusted tuition in advance to GCNM and were active students in a distance education program through GCNM as of November 2012.

(*Id.* at ¶ 9.)

Ordinarily, the parties would be afforded an opportunity to present evidence at a hearing on the maintainability of the class action. In this case, however, Defendants have defaulted and do not oppose this motion, thereby waiving any argument in opposition. *See, e.g., Harvis v. Roadway Exp. Inc.,* 923 F.2d 59, 61 (6th Cir. 1991).  Moreover, as Plaintiff notes in her reply in support of this motion, Defendants "have repeatedly been non-responsive" in both this case and in Defendant Johnstone's bankruptcy proceeding. (Dkt. 37, pp. 3-4.)

The Sixth Circuit has held that the maintainability of a class action "may be determined by the court on the basis of the pleadings, if sufficient facts are set forth." *In re American Medical Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996) (quoting *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974)). Although such a situation is uncommon, given the substance of Plaintiff's pleadings and Defendants' non-responsiveness to this motion and throughout this case, granting a hearing in this situation would likely prove unproductive and is therefore unnecessary.[1] Because Plaintiff's motion is unopposed, only damages

---

[1] In *Smith v. ComputerTraining.com, Inc.,* No. 10-11490 (E.D. Mich.), the Honorable Victoria Roberts certified a class without a hearing on similar facts. *See* 2011 WL 308992 (E.D. Mich. Jan. 27, 2011).

remain to be decided, and the requirements of Fed. R. Civ. P. 23 have been met, Plaintiff's motion will be granted and Plaintiff's counsel shall be appointed as class counsel in this case.

## I.    FACTUAL BACKGROUND

A clerk's entry of default was entered against Defendants in this case on May 22, 2013. (Dkts. 16-17.) Defendants have not moved to set these entries aside. Defendants are therefore deemed to have admitted all of Plaintiff's well-pleaded allegations.[2] *Visioneering Const. v. U.S. Fidelity and Guar.,* 661 F.2d 119, 124 (6th Cir. 1981).

GCNM was a licensed postsecondary school that marketed and sold distance education programs in natural health to students throughout the United States. (Dkt. 1, ¶¶ 25-26.) Students could earn certificates as well as Bachelor of Science, Master of Science and Ph.D degrees in programs such as Master Herbalist, Nutritional Consultant, and Holistic Health Practitioner. (*Id.* at ¶ 27.) Tuition ranged from approximately $1,000 for the Master Herbalist and Nutritional Consultant programs to more than $10,000 for the Ph.D. program. (*Id.* at ¶ 37.) Students took courses in their own homes. (*Id.* at ¶ 28.)

Students were required to pre-pay for their programs of choice; they either paid the entirety of their tuition in advance or paid a substantial amount before starting coursework and the balance soon thereafter. (*Id.* at ¶ 39.) Plaintiff paid Defendants approximately $3,120 in tuition for her self-paced Bachelor of Science

---

[2] Other than a suggestion of bankruptcy notice entered on September 16, 2013 (Dkt. 26), Defendants have not filed any pleadings in this case.

3

program in holistic health. (*Id.* at ¶ 43.) Plaintiff maintains that GCNM collected at least $5,000,000.00 in advance tuition for education programs that the students had not finished and thus GCNM had not yet earned when the school closed without warning in November 2012. (*Id.* at ¶ 40-41.) After GCNM closed, it did not refund the unearned tuition. (*Id.* at ¶ 46, 67.)

On February 4, 2013, Plaintiff filed her complaint alleging that Defendants collected "millions of dollars in advance tuition" from Plaintiff and other individuals who "were enrolled in programs of distance education through Defendants" and failed to refund any tuition after GCNM abruptly closed in November 2012 (*Id.* at ¶¶ 1-4.) Defendants failed to respond to Plaintiff's complaint. On May 21, 2013, Plaintiff requested a Clerk's Entry of Default as to Defendants. (Dkts. 14-15.) Plaintiff's request was granted a Clerk's Entry of Default was entered against Defendants on May 22, 2013 for "failure to plead or otherwise defend." (Dkts. 16-17.) Defendants never moved to set aside these entries and thus remain in default.

On July 3, 2013, a stipulated order was filed requiring Defendants to produce insurance and financial documents by July 26, 2013. (Dkt. 21.) When Defendants failed to produce any of the required documents, Plaintiff filed a motion for contempt and sanctions on August 15, 2013. (Dkt. 23.) Defendants failed to respond both to Plaintiff's motion (Dkt. 23) and to the Court's September 5, 2013 Order to Show Cause (Dkt. 25). In response, the Court granted Plaintiff's motion for contempt and ordered Defense counsel, Mr. Brian Graham, to pay $2,740 in

attorneys' fees to Plaintiff's counsel within 30 days of the entry of the order (Dkt. 28, p. 2).

When Plaintiff's counsel noted in Plaintiff's motion to reopen this case that Mr. Graham had never paid the fees (Dkt. 30, ¶ 4), the Court issued an order for Mr. Graham to show cause in person why he had not complied with the order (Dkt. 32). On February 4, 2015, the parties confirmed during the oral argument on Plaintiff's motion to reopen the above-captioned case that Mr. Graham had only recently paid those fees. The show cause order was therefore vacated. (Dkt. 33.)

While this case was pending, on September 12, 2013, Defendants filed petitions for relief in Bankruptcy. (Dkt. 26.) As a result, a bankruptcy stay took effect and this case was administratively closed on September 30, 2013 without prejudice to the rights of the parties. (Dkt. 29.) Defendant GCNM's bankruptcy case was closed on March 12, 2014. (*In re Global College of Natural Medicine, Inc.*, No. 13-36174 (N.D. Ill. 2013, Dkt. 31).) Defendant Heather Johnstone's attempt to discharge her debt to Plaintiff in this case was denied by United States Bankruptcy Judge Carol Doyle on November 13, 2014. (*In re Heather A. Johnstone*, No. 13-36162 (N.D. Ill. 2013, Dkt. 44).) Johnstone's bankruptcy case was closed on November 17, 2014. (*Id.*, Dkt. 48.)

Plaintiff filed her motion to reopen the above-captioned case on December 22, 2014. (Dkt. 30.) Because the motion was unopposed and Defendants no longer enjoyed any bankruptcy protection preventing the case from being reopened, Plaintiff's motion was granted and the case was reopened on February 6, 2015.

(Dkt. 33.) Plaintiff then filed her motion for class certification and to appoint Plaintiff's counsel as class counsel on February 13, 2015. (Dkt. 34.)

## II.   LEGAL STANDARD

Class certification is governed by Fed. R. Civ. P. 23. The Court "has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re American Medical Sys., Inc.*, 75 F.3d at 1079; *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011). In determining a motion for class certification, a court does not assess the merits of the Plaintiff's underlying claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

The party seeking class certification "must satisfy two sets of requirements: (1) each of the four prerequisites under Rule 23(a), and (2) the prerequisites of one of the three types of class actions provided for by Rule 23(b). A failure on either front dooms the class." *Pilgrim*, 660 F.3d at 946. The moving party bears the burden of demonstrating that all prerequisites for class certification have been satisfied. *In re American Medical Sys.*, 75 F.3d at 1079. "Given the huge amount of judicial resources expended by class actions, particular care in their issuance is required." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011).

## III.   ANALYSIS

### A.  Effect of the Clerk's Entry of Default

As a threshold matter, the Clerk's entry of default against Defendants does not alter the Court's class certification analysis. In cases where a Defendant has failed to appear, a Clerk's entry of default has not been held to prevent the Court from considering whether to certify a class prior to the entry of a default judgment against a Defendant. *See Skeway v. China Natural Gas, Inc.,* No. 10-728-RGA, 2014 WL 2795466, at *2-3 (D. Del. June 18, 2014) (certifying class after an entry of default and before default judgment); *see also Smith v. ComputerTraining.com, Inc.,* No. 10-11490, 2011 WL 308992 (E.D. Mich. Jan. 27, 2011) (certifying a class where Defendants had defaulted and failed to defend but prior to default judgment).

Certification remains a necessary procedural requirement in order for the class to recover damages. In this case, Defendants have defaulted but Plaintiff has not yet moved for a default judgment. Therefore, the Court may consider Plaintiff's Motion for Class Certification (Dkt. 34).

### B.  Class Certification and Appointment of a Class Representative

For the reasons set out in detail below, the Court finds that Plaintiff has satisfied the requirements of Fed. R. Civ. P. 23. Pursuant to Fed. R. Civ. P. 23(a), the party seeking certification must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"),

7

and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). *See* Fed. R. Civ. P. 23(a)(1)-(4).

### 1. Numerosity

First, the Court must find that the potential class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement is met when Plaintiff shows "that the number of potential class members is large" even if the precise figure is not known. *Beattie v. CenturyTel, Inc.,* 234 F.R.D. 160, 167-168.

Plaintiff proposes a class of more than 1,000 similarly situated persons. (Dkt. 34, p. 1.) Plaintiff bases her estimated size of the class on the figure of 1,359 students enrolled in GCNM as of September 11, 2012. (Dkt. 34, Ex. 6, p. 12.) Far smaller classes have met the numerosity requirement in the Sixth Circuit. *See Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974) (certifying a class of 35 members); *Klender v. U.S.,* 218 F.R.D. 161 (E.D. Mich. 2001) (certifying a class of 151 members). The scope of Plaintiff's proposed class is clearly too numerous to accommodate the joinder of all members. Accordingly, the numerosity requirement is met for this class.

### 2. Commonality

Second, the Court must find that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is not demanding given that "Rule 23 simply requires a common question of law or fact." *Bittinger*, 123 F.3d at 884. Additionally, "(w)hen the legality of the defendant's standardized conduct is at

issue, the commonality factor is normally met." *Gilkey v. Central Clearings Co.*, 202 F.R.D. 515, 521 (E.D. Mich. 2001).

In this case, the essential claim of all class members is the same: each member enrolled in and paid for a self-paced distance education program at GCNM, but GCNM did not provide the education program. Moreover, the prepaid tuition was not refunded when GCNM closed without providing a means for any students to finish their programs. All class members were thus affected in the same manner by Defendants' standardized conduct. Because these issues are common to all class members and underlie all claims, commonality is established for this class.

### 3.  **Typicality**

Third, the Court must find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory." *In re American Medical Systems, Inc.*, 75 F.3d at 1082. The Court must find that a "sufficient relationship exists between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir.2000) (citations omitted). A class action is not impermissible simply because "questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved." *Gilkey*, 202 F.R.D. at 522.

9

Plaintiff, the proposed representative of this class, has asserted claims that are typical of the class because the claims all arise from the same course of standardized conduct. Here, that conduct involved enrollment in self-paced programs, payment of advance tuition, the school's failure to provide the education students had paid for, and the failure to reimburse unearned tuition after closing. Because Plaintiff and all potential class members were harmed by the same series of events, the typicality requirement is met for this class.

### 4. Adequacy of Representation

Fourth, the Court must find that the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Anchem Products, Inc., v. Windsor,* 521 U.S. 591, 625 (1997). A class representative must "vigorously prosecute the interests of the class through qualified counsel." *In re American Medical Systems, Inc.,* 75 F. 3d at 1083.

Plaintiff and members of this class suffered the same injury; to have paid advance tuition that GCNM failed to reimburse for an education that GCNM failed to provide. There is no indication of a conflict of interest between Plaintiff and the members of this class.

Moreover, there is no reason to believe that the class representative and her counsel would not vigorously prosecute the interests of the class. Plaintiff has been diligently litigating this case since 2013. (Dkt. 1.) In addition, Plaintiff successfully opposed Defendant Johnstone's attempt to discharge her debt in this action in

10

bankruptcy and was the only creditor to file an adversary proceeding. *In re Heather A. Johnstone*, No. 13-36162 (N.D. Ill. 2013, Dkt. 44).

Plaintiff's counsel, Dean Googasian and Thomas Howlett, have demonstrated their experience in serving as class counsel in class actions of this type and there is no reason to believe that they are not qualified counsel within the meaning of Fed. R. Civ. P. 23(a)(4). (Dkt. 34, Exs. 14-15.) Accordingly, adequacy of representation is met for this class and all the requirements of Fed. R. Civ. P. 23(a) have been satisfied.

## C. Rule 23(b)(3)

If the requirements of Fed. R. Civ. P. 23(a) are met, a class action seeking an award of damages is appropriate under Fed. R. Civ. P. 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1. Predominance

Under the first criterion of Fed. R. Civ. P. 23(b)(3), the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). In this Circuit, predominance is satisfied where a question common to the entire class is at the heart of the litigation. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). In explaining the purpose of the predominance

requirement, the Advisory Committee gave the example of "a fraud perpetrated on numerous persons by use of similar misrepresentations." Adv. Comm. Note, 39 F.R.D. 69, 103 (1966). The Advisory Committee notes that this example holds true even if individualized determinations of damages are found necessary after a determination of liability. *Id*.

The overriding question affecting this class is what damages Defendants caused through the events surrounding GCNM's closing. There is no indication of any question of law or fact affecting only individual members of the class that would rival the predominance of the question common to the class. Each potential class member was affected by the same course of standardized conduct regarding enrollment, advance tuition payments, and the school's closure and failure to reimburse unearned tuition.

Furthermore, there is no indication that any of the considerations listed in Fed. R. Civ. P. 23(b)(3)(A)-(D) are implicated in this situation. Plaintiff's brief adequately demonstrates that none of the proposed members of this class appear to have an interest in individually controlling the prosecution or defense of separate actions. (Dkt. 34, p. 23.) Nor does it seem that any litigation has already begun by or against potential class members. (*Id*.) Since GCNM enrolled students in Michigan, this appears to be as desirable a forum as any. Counsel has experience with the potential difficulties in managing this type of class action and appears capable of dealing with them. (*Id*. at 23- 25.) Finally, the normal difficulties of

managing a class action have been greatly reduced because Defendants have defaulted and only the consideration of damages remains.

Questions of law or fact common to potential class members thus predominate over any questions affecting only individual members.

### 2. Superiority

A class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Although this is an area of considerable discretion, the purpose of Rule 23(b)(3) actions is "to achieve the economies of time, effort, and expense." *In re American Medical Systems, Inc.*, 75 F.3d at 1084 (internal quotes omitted).

Defendants have defaulted; therefore the only remaining consideration is damages. It is unlikely that any potential class member will prefer to pursue or have any interest in pursuing his or her claim individually in any other manner or forum. A class action is thus the superior method for fairly and efficiently adjudicating this controversy.

### D. Appointment of Class Counsel

Plaintiff's counsel both satisfy the requirements of Fed. R. Civ. P. 23(g)(1)(A) for the appointment as class counsel. In appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

13

representing the class." Fed. R. Civ. P. 23(g)(1)(A). Rule 23 further provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, the proposed counsel for the class has already invested two years of time and resources into: (1) interviewing students and other potential witnesses; (2) reviewing documents; (3) conducting factual and legal research; and (4) drafting briefs and other documents for filing. (Dkt. 34, pp. 24 n. 6.) In addition, Plaintiff's counsel has already pursued the interests of the class by successfully litigating a related adversary proceeding in the bankruptcy court. (*Id.* at 24-25.)

Moreover, Plaintiff's counsel has experience as class counsel in this type of litigation. Plaintiff's counsel served as class counsel for a class of more than 10,000 students in a case involving Clayton College of Natural Health, a distance education school similar to GCNM that had shut down. *Goldberg v. Clayton College of Natural Health, Inc.,* No. 10-02990, (N.D. Ala. 2011, Dkt. 44). In 2011, Plaintiff's counsel was appointed to serve as class counsel for approximately 2,000 students of a for-profit school. *Smith v. ComputerTraining.com, Inc.,* No. 10-11490, 2011 WL 308992 (E.D. Mich. Jan. 27, 2011). Plaintiff's counsel also served a class of tens of thousands of students of an online high school in 2012. *Lauber v. Belford High School et al.,* No. 09-14345, 2012 WL 5822243 (E.D. Mich. Jan. 23, 2012).

Thomas H. Howlett and Dean M. Googasian of The Googasian Firm, P.C. are experienced in dealing with similar class actions and have demonstrated throughout this case that they are capable of prosecuting the current action.

Moreover, Defendants apparently do not oppose the appointment of The Googasian Firm as class counsel. Therefore, the Court finds that appointment of Plaintiff's counsel as counsel for the class is appropriate.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion for Class Certification and Appointment of Class Counsel (Dkt. 34) is **GRANTED.** Pursuant to Fed. R. Civ. P. 23(b)(3), the following class is certified as to all claims and defenses at issue in Plaintiff's complaint:

> All individuals who entrusted tuition in advance to GCNM and were active students in a distance education program through GCNM as of November 2012.

Moreover, pursuant to Fed. R. Civ. Pro. 23, Plaintiff Anita Toler is certified as the class representative and Thomas H. Howlett and Dean M. Googasian of the Googasian Firm, P.C. are appointed class counsel.

At her expense, Plaintiff must provide appropriate notice to all class members via first-class mail and in conformance with Fed. R. Civ. Pro. 23. The notice must provide putative class members until **<u>OCTOBER 9, 2015</u>** to notify counsel for the parties and the Court of their intention to opt out of the proposed class. The notice must provide that class members wishing to enter their own appearance in the matter through counsel must do so by that same date.

On or before **MAY 1, 2015,** Plaintiff must forward to the Court a proposed document that will be used to serve notice upon all members of the class. The notice must not be sent until Court approval is given.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  April 10, 2015


**Certificate of Service**

I hereby certify that this Order was electronically submitted on April 10, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

16